IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CARLTON ROLAND HUNTER,<br><br>  Defendant. | CRIMINAL ACTION FILE<br>NO. 1:07-CR-00310-TWT-JFK-1 |

ORDER AND OPINION

This is a criminal action. It is before the Court on the Defendant's Motion for Compassionate Release [Doc. 175]. Defendant Carlton Roland Hunter and his brother, Lamont, robbed the Atlanta Federal Credit Union on August 15, 2007. Hunter entered the bank brandishing a pistol and vaulted over the counter toward the teller stations. The tellers tried to escape by running down a flight of stairs and out the back door. Hunter rounded them up at gunpoint and ordered them back inside the bank, while cursing at them and threatening to kill them. Hunter then ordered the tellers to take money from the teller drawers and stuff it into a pillowcase that he had brought with him. Hunter again threatened to kill one of the tellers if she did not hurry. After receiving the money, Hunter ran down the stairs and out the back door. Almost simultaneously, Hunter's brother entered the bank. He, too, was armed with a pistol. As Hunter's brother was entering the bank, he encountered a customer who was attempting to leave. He ordered the customer back inside

the lobby. Hunter's brother then fired his pistol at the tellers and ran back outside. Hunter and his brother fled in Hunter's car, leading police officers on a dangerous high-speed chase through a residential area before being arrested.

Hunter was charged by the Grand Jury with armed bank robbery, brandishing a firearm during and in relation to a crime of violence, aiding and abetting the discharge of a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. On July 14, 2008, Hunter entered a non-negotiated plea of guilty to all four charges against him. At sentencing, on December 17, 2008, the Court found that Hunter's 1983 Georgia conviction for armed robbery, his 1988 Virginia conviction for robbery, kidnapping, and use of a firearm while committing robbery, and his 1999 Georgia conviction for robbery qualified as "serious violent felonies" under the three-strikes statute, 18 U.S.C. § 3559(c)(1). Therefore, as required by law, the Court sentenced Hunter, then 44 years old, to life in prison on Count 1. In addition, the Court sentenced Hunter to a term of 84 months on Count 2, and a term of 180 months on Count 4, all to be served concurrently, and a term of 120 months on Count 3, to be served consecutively to the terms imposed on Counts 1, 2, and 4. The Eleventh Circuit affirmed Hunter's convictions and sentence. *United States v. Hunter*, 342 F. App'x 493, 496 (11th Cir. 2009).

Having exhausted his administrative remedies, Hunter, now age 59, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), alleging as

follows: (1) He received an "unfair [life sentence] under the mandatory three strike provision," and there is a disparity between his sentence and the sentences given to "other similar convicted defendants;" (2) He has a "remarkable unblemished record of rehabilitation showing that, if released, he is NO danger to the public;" (3) He is a former marijuana and cigarette smoker who suffers from obesity and high blood pressure, which puts him at risk "for more severe complications from Covid-19."

"Under the 'three strikes' statute, a defendant receives a mandatory sentence of life imprisonment if he is convicted of a serious violent felony after having been previously convicted on separate occasions of two or more such felonies." *United States v. Lynch,* 2023 WL 4882460, at *6 (11th Cir. Aug. 1, 2023) (citing 18 U.S.C. § 3559(c)(1)), cert. denied, 144 S. Ct. 518 (2023). The statutory definition of "serious violent felony" includes robbery and kidnapping. 18 U.S.C. § 3559(c)(2)(F)(i). Compassionate release is permitted only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). In making that determination, a court must consider four factors: (1) "the nature and circumstances of the offense charged," including whether the offense involved a firearm, (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," including his criminal history, and (4) "the nature and seriousness of the danger to any person or the community

3

that would be posed by the person's release." 18 U.S.C. § 3142(g). Here, all of those factors weigh in favor of denying the requested relief. The nature and circumstances of Hunter's offenses in this case—armed bank robbery, brandishing a firearm during and in relation to a crime of violence, aiding and abetting the discharge of a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm—are serious. *See United States v. Cousins,* 2024 WL 1516121, at *7 (N.D. Ga. Apr. 4, 2024) (recognizing that the nature and circumstances of defendant's armed bank robberies were serious and threatened the lives of those in the banks).

Hunter had a lengthy and violent criminal history. For example, Hunter was convicted in Fulton County of armed robbery when he robbed a woman at knifepoint and stole her pocketbook, credit cards, wedding ring, diamond ring, and car. Within months of his release from prison for that armed robbery, Hunter robbed and kidnapped another victim at a rest stop in Virginia. Early the next morning, Hunter was arrested while carrying a .38 caliber handgun. Hunter pleaded guilty to robbery, use of a firearm during the commission of a robbery, and felonious abduction. Then, within a year of his parole, Hunter kidnapped another victim and robbed her at gunpoint in Fulton County. Hunter was convicted of armed robbery and kidnapping, but that conviction was vacated and Hunter pleaded guilty to the lesser included offense of robbery by intimidation. A lengthy criminal history such as this weighs heavily against

an inmate's request for compassionate release. *United States v. Matheney*, 2021 WL 3403530, at *2 (S.D. Fla. Aug. 4, 2021).

Reflecting the seriousness of Hunter's offenses in this case, the PSR calculated a custody guideline range of mandatory life in prison on Count 1, plus 10 years to run consecutive on Count 3. The Court's ultimate sentence of mandatory life plus 10 years recognized that the crimes were serious. Hunter argues that he is rehabilitated and is no longer a danger to the public. In support, he lists a number of classes that he has taken in prison. While his rehabilitation efforts are admirable, there is nothing exceptional about those efforts. Indeed, "[t]aking classes while incarcerated is common rather than extraordinary." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023). "Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary." *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021). Likewise, the fact that Hunter has a good disciplinary record while incarcerated is not extraordinary or compelling. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). "Many federal inmates, who seek compassionate release, present spotless disciplinary records." *United States v. Razo*, 2023 WL 3231623, at *10 (D. Me. May 3, 2023). Maintaining a good disciplinary record is what inmates are supposed to do. Hunter has not carried his burden

5

of showing that he no longer poses a danger to the community.

Subsection (ii) of 18 U.S.C. § 3582(c)(1)(A) "sets out a specific rule for reducing the sentence of a defendant who, like [Hunter], is serving a life sentence under the federal three strikes law." *United States v. Miles*, 2022 WL 2208849, at *1 (N.D. Ill. June 21, 2022). Subsection (ii) states that a court may reduce the sentence of a three-strikes defendant if the following conditions are met: "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g). 18 U.S.C. § 3582(c)(1)(A)(ii). Hunter does not meet any of these eligibility criteria, let alone all three.

To the extent Hunter relies on the COVID-19 pandemic to support his claim for compassionate release, his argument fails. "Both international and domestic health authorities, particularly the World Health Organization, the United States Centers for Disease Control and Prevention, and the federal government, have made clear that the COVID-19 pandemic has ended." *United States v. Ruiz*, 2023 WL 3628265, at *5 (E.D. Tex. May 24, 2023). Hence, the argument that the COVID-19 pandemic itself constitutes an extraordinary and compelling reason for his compassionate release "lacks any foundation going

forward." *Id.* Likewise, any risk that Hunter faces from COVID-19 is "too speculative to constitute an extraordinary and compelling reason for release within the meaning of Section 3582(c)(1)(A)(i). And because Section 3582(c)(1)(a)(i) authorizes sentence reductions only for 'extraordinary and compelling reasons' within the meaning of the statute, [his] motion cannot be granted." *Id.*

Because the Defendant represents a danger to the community and because he has not shown extraordinary and compelling reasons for granting compassionate release, the Defendant's Motion for Compassionate Release [Doc. 175] is DENIED.

SO ORDERED, this <u>10th</u> day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge